Abel Acosta, Clerk          PD-1291-14
Criminal Court of Appeals
Supreme Court Building
West 14th Street, Room 106
Austin, Texas 78701

Re: Request for Discovery

Abel Acosta:

Under the Authority of the U.S. Const. Amend. XIV, Tex. Const. Art I Sec. 19 and Tex. Code of Criminal. Pro. Ann. Art 39.14, Being that I have been denied these Rights to discovery I Request that this motion for Discovery and Inspection of Evidence be Granted.

I Request this motion to be heard by C.O.A. of Texas being that these documents are essential In order for me to have a "Just" trial. Thank-you.

Respectfully

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

Steven Mitchell Gary

NO. 2014-CR-2945

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| STEVEN MITCHELL GARY | § | 175TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STEVEN MITCHELL GARY, the Defendant in the above cause, under the authority of

U.S. Const. Amend. XIV, Tex. Const. Art. I, Sec. 19, and Tex. Code Crim. Pro. Ann. Art. 39.14, and makes his

Motion for Discovery and Inspection of Evidence, and in support thereof would show the Court as follows:

### I.

The Defendant moves the Court to order the District Attorney to produce and permit the inspection of and

the copying and/or photographing of, by or on behalf of the Defendant, the following designated items:

### STATEMENTS BY DEFENDANT

1. All confessions, admissions and statements, in writing, signed by the Defendant, in connection with the offense with which the Defendant is herein indicted.

   **GRANTED:**_____ **DENIED:**_____

2. All confessions, admissions and statements, oral in nature and set down and preserved under Article 38.22 of the Texas Code of Criminal Procedure, made by the Defendant in connection with the offense with which the Defendant is herein indicted.

   **GRANTED:**_____ **DENIED:**_____

3. All oral, written and recorded statements or memoranda of same made by the Defendant to any investigating officer or to any member of any law enforcement agency or to any third party and in the possession of or within the knowledge of the District Attorney's Office or any agent thereof, including any law enforcement agency, including those portions of any reports (including police offense reports) memoranda, notes, other writings, or records, which contain either a verbatim account or a summary of the substance of said statements.

   **GRANTED:**_____ **DENIED:**_____

4. The written waiver alleged by the State to have been signed by the Defendant concerning the Defendant's right to counsel prior to the making of any written and/or oral statement while the Defendant was under arrest.

   **GRANTED:**_____ **DENIED:**_____

### SCIENTIFIC EVIDENCE

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

5.  All fingerprints, palm prints, and foot prints and reports of same, alleged by the State to have been made by the Defendant, his co-defendants and co-conspirators in the commission of the offense with which Defendant is herein indicted.

**GRANTED:**_____ **DENIED:**_____.

6.  Name, address and telephone number of all expert witnesses the state intends to call as witnesses.

**GRANTED:** _____ **DENIED:**_____.

7.  Name, address and telephone number of all expert witnesses who consulted with experts the state intends to call as witnesses.

**GRANTED:** _____ **DENIED:**_____.

8.  All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment or comparison, including but not limited to reports pertaining to any kind of weapons, controlled substances, and the like.

**GRANTED:**_____ **DENIED:**_____.

## AGREEMENTS

9.  The existence, substance, and manner of execution or fulfillment, of any promises, agreements, understandings and arrangements, whether verbal or written, whether completed or not, between the State, its agents or attorneys, and any witness, or the witness' agents or attorneys or representatives, wherein the State has agreed, or purported to agree, either expressly or impliedly, as follows (*Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 [1972]):

    a.  Not to prosecute or to assist in the avoidance of prosecution of the witness for a crime or crimes;

    b.  Not to prosecute or to assist in the avoidance of prosecution of a third party for a crime or crimes;

    c.  To provide a formal grant of statutory immunity, or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given by him;

    d.  To recommend leniency in sentencing for any crime or crimes for which the witness is convicted;

    e.  To recommend a particular sentence for any crime or crimes for which the witness is convicted;

    f.  To provide to the witness or any third person money, any other valuable consideration, or any forgiveness of debt or liability;

    g.  To provide favorable treatment in jail or prison to the witness;

    h.  To agree to bear witness or testify for the witness at any judicial proceeding, parole hearing, or clemency proceeding;

i. To agree to petition for executive clemency on behalf of the witness or any third person;

j. To make any other recommendation of any benefit however slight, or to give any other consideration to the witness or to any third person.

GRANTED:_____     DENIED:_____

## TANGIBLE EVIDENCE

10. Any and all evidence in any way relevant to this cause obtained by any law enforcement agency by the use of electronic surveillance or wire tapping.

GRANTED:_____     DENIED:_____

11. Any criminal instruments allegedly possessed or used by Defendant.

GRANTED:_____     DENIED:_____

12. Copies of any writings made by Defendant and not otherwise named herein.

GRANTED:_____     DENIED:_____

13. All photographs or films of the scene of the alleged crime and the scene of the Defendant's arrest.

GRANTED:_____     DENIED:_____

14. Copies of all photos used in any photo spread or "mug book" used in connection with this case.

GRANTED:_____     DENIED:_____

15. Complete records of any line-up conducted in connection with this case.

GRANTED:_____     DENIED:_____

16. Any controlled substances, drug paraphernalia or items adapted or used for the purpose of drug paraphernalia allegedly possessed by Defendant.

GRANTED:_____     DENIED:_____

17. All articles of clothing, including shoes and rags allegedly belonging to the Defendant.

GRANTED:_____     DENIED:_____

18. All weapons alleged by the State to have been used by the Defendant, his co-defendants and his co-conspirators in the commission of the offense with which the Defendant is herein indicted.

GRANTED:_____     DENIED:_____

19. All diagrams, charts, maps, plans, films, photographs, graphic representations, models, visual aids, books, recordings, or other such tangible items or materials or demonstrative evidence, which may be introduced at trial.

GRANTED:_____    DENIED:_____

## GRAND JURY

20.    A list of names, addresses and telephone numbers of witnesses who appeared before the Grand Jury, or whose Affidavits or statements were presented for consideration by the Grand Jury which returned the indictment in this case.

GRANTED:_____    DENIED:_____

21.    A copy of the Grand Jury Minutes and Testimony in connection with the indictment of the Defendant in the cause. If the same has not been transcribed, Defendant specifically requests the Court to order the transcription of the same. Said testimony may be used by the defense to impeach a States' witness, to discover prior inconsistent statements, to test the credibility of States' witnesses or to test the recollection of the States' witnesses; thus a particularized need for same can been shown.

GRANTED:_____    DENIED:_____

22.    Any evidence that a member of the Grand Jury which returned the indictment in the above cause contained a member who was disqualified from serving on the Grand Jury because of a conviction or indictment. Defendant specifically requests that the Court order the State's attorney to run the names of the said grand jurors on computer data bases such as TCIC, NCIC and JIMS and inform the Defendant in the event such grand juror was convicted or under indictment at the time of the Grand Jury's consideration of this cause.

GRANTED:_____    DENIED:_____

## IMPEACHMENT EVIDENCE

23.    The prior criminal record of all persons whom the District Attorney intends to call as witnesses during the trial of the cause against the Defendant, including all arrests and convictions, juvenile or adult.

GRANTED:_____    DENIED:_____

24.    A description of all pending criminal cases or internal disciplinary actions arising from this cause against any police officer who is called to testify by the State, and who participated in the investigation of the crime alleged or the apprehension or arrest of Defendant.

GRANTED: _____    DENIED:_____

25.    Any evidence that a witness for the State has committed perjury, or has previously made any statement or given any testimony, whether under oath or not, which conflicts with or contradicts the testimony given by such witness during the trial of this cause.

GRANTED: _____    DENIED:_____

## SEARCHES AND SEIZURES

26.    A copy of any warrant issued in this case and all supporting affidavits, returns, or other documents.

**GRANTED:**_____     **DENIED:**_____

27.     List of all items seized pursuant to any search conducted.

**GRANTED:**_____     **DENIED:**_____

28.     Copy of any consent to search executed by Defendant or any other person having custody or control over Defendant's property or premises.

**GRANTED:**_____     **DENIED:**_____

29.     Names of all arresting officers, and officers conducting searches that resulted in the recovery of evidence or property.

**GRANTED:**_____     **DENIED:**_____

## CO-DEFENDANTS,
## CO-CONSPIRATORS, OR CO-ARRESTEES

30.     Name, address, and criminal record of all persons arrested along with Defendant.

**GRANTED:** _____     **DENIED:**_____

31.     All information concerning any and all co- defendants or co-conspirators, whether so indicted or not, including but not limited to their criminal records, psychiatric records, extraneous offenses, pending criminal cases, past acts of untruthfulness, and all oral or written statements of such persons.

**GRANTED:** _____     **DENIED:**_____

32.     The existence and content of all statements made to law enforcement officials or other agents of the State by all co- defendants or co-conspirators, whether so indicted or not, and whether oral or written, in order that Defendant may exercise his Sixth Amendment rights under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**GRANTED:** _____     **DENIED:**_____

## MISCELLANEOUS

33.     The prior criminal record of the Defendant, including all arrests and convictions, juvenile or adult.

**GRANTED:**_____     **DENIED:**_____

34.     A description of any and all extraneous offenses, if any, allegedly committed by Defendant, whether he is presently charged with same or not, which may be or may become relevant to any issue in this case. In the event that said extraneous offenses exist, Defendant hereby moves the Court to order production of all items listed herein in this Motion for Discovery with respect to each and every such extraneous offense.

**GRANTED:**_____     **DENIED:**_____

35.     Any evidence relating to the sanity or competency of Defendant, or that indicates that Defendant suffered from any mental disease or mental defect.

**GRANTED:** _____  **DENIED:** _____

36.  Medical records of Complainant.

**GRANTED:** _____  **DENIED:** _____

**II.**

In support of this Motion, the Defendant would show the Court as follows:

1.  The items requested are in the exclusive possession, custody and control of the State of Texas by and through its agents, the police or the prosecuting attorney's office, see *Ex Parte Adams*, 768 S.W.2d 281, (Tex. Crim. App. 1989), and the Defendant has no other means of ascertaining the disclosure requested.

2.  The items requested are not privileged.

3.  The items and information are material to this cause and the issues of guilt or innocence and punishment to be determined in this cause.

4.  The Defendant cannot safely go to trial without such discovery and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5.  That absent such discovery the Defendant's rights under Tex. Code Crim. Pro. Ann. art. 39.14, Article I, ' 10, of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America will be violated, to his irreparable injury and thus deprive the Defendant of a fair trial herein.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that this Honorable Court will grant this Motion for Discovery in all things, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this Motion will be in all things granted.

Respectfully submitted,
Gerald C. Moton
11765 West Avenue, PMB 248
San Antonio, TX 78216
Tel: (210) 410-8153
Fax: (210) 568-4389
TXBN 14596350

By:_____
Gerald C. Moton
State Bar No. 14596350
ATTORNEY FOR Defendant

NO. 2014-CR-2945

THE STATE OF TEXAS

vs.

STEVEN MITCHELL GARY

§   IN THE DISTRICT COURT OF
§
§   BEXAR COUNTY, TEXAS
§
§   175TH JUDICIAL DISTRICT

## ORDER ON DEFENDANT'S MOTION FOR DISCOVERY

Upon the foregoing Defendant's Motion for Discovery and inspection of Evidence, it is hereby **ORDERED** that such Motion be, and hereby is, **GRANTED** as to those items so marked on the face of said Motion, and **DENIED** as to those items so marked.

It is further **ORDERED** that the attorney for the State furnish counsel for Defendant with access to those items granted hereby, on or before _____ days after the date this order is signed, at the District Attorney's Office, or at such other time and place as the parties may agree.

**SIGNED** this _____ day of _____, 2014.

_____
**JUDGE PRESIDING**